IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY MADISON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>    Defendant. ) | CIVIL ACTION NO. 16-00123-N |

**MEMORANDUM OPINION AND ORDER**

On October 31, 2016, Plaintiff Shirley Madison (hereinafter, "the Plaintiff") filed and served an Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 20), requesting an award of $1,754.88 in attorney's fees from the Defendant Commissioner of Social Security. On November 14, 2016, the Commissioner filed and served a response stating that she does not oppose the motion or the amount requested. (Doc. 22) Upon consideration, the Court finds the Plaintiff's EAJA fee application (Doc. 20) is due to be **GRANTED**.[1]

I. <u>Analysis</u>

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that

---

[1] By the consent of the parties (*see* Doc. 19), the Court has designated the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Doc. 20).

1

the position of the United States was substantially justified or that special circumstances make an award unjust.' " *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "[T]hree statutory conditions must be satisfied before a district court can award EAJA attorney's fees. First, the claimant must file an application for fees within thirty days of final judgment in the action… Second, assuming the fee application was timely filed, the claimant must qualify as a prevailing party… Finally, if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were substantially justified or that there exist special circumstances which countenance against the awarding of fees." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citation and quotation marks omitted).

### A.     Timeliness

"The Equal Access to Justice Act ('EAJA'") provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses….' 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). "[T]his timely filing requirement is jurisdictional in nature; that is, a claimant's failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application." *Newsome*, 8 F.3d at 777 (citing *Myers*, 916 F.2d at 672–

73).

Where, as here, "the district court enters a 'sentence four' remand order [under 42 U.S.C. § 405(g)], that judgment is appealable." *Id.* at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.'" *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

The Court entered its "sentence four" remand order and judgment on September 29, 2016. (*See* Docs. 18, 19). Because a United States officer sued in an official capacity is a party to this action, the time to appeal that judgment expired after sixty (60) days from September 29, 2016 (i.e. after November 28, 2016). *See* Fed. R. App. P. 4(a)(1)(B), 26(a)(1)(C). Thus, the judgment will become no longer appealable after November 28, 2016. *See* Fed. R. App. P. 26(a)(1)(C). However, because the remand order in the instant action was the result of an unopposed Motion to Remand filed by Defendant (Doc. 15) and because Defendant does not oppose an award of attorney's fees or the requested amount (Doc. 22), it is clear no appeal will be taken. Further, because the Plaintiff filed her EAJA fee application on October 31, 2016, the application is timely, and the Court has jurisdiction to consider its merits.

## B. Prevailing Party

In this action, the Plaintiff won a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g), thus making her a "prevailing party" entitled to EAJA fees. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). "Courts have

routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions." *Newsome*, 8 F.3d at 777. *See also Myers*, 916 F.2d at 666 ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### C. "Substantially Justified"/Special Circumstances

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted).

The Commissioner requested remand in the instant action and indeed does not oppose an award of EAJA fees to the Plaintiff. (*See* Docs. 15, 22). Given the Commissioner's position, and there being apparent from the record no special circumstances which countenance against the awarding of fees, the Court finds that the Plaintiff is entitled to an award of fees under EAJA.

However,

[t]he EAJA further provides:

> The amount of fees awarded ... shall be based upon prevailing market rates, for the kind and quality of services furnished except that ...
>
> (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the *cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*

4

> 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).
>
> In *Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir. 1992), [this Circuit] recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Id.* at 1033-34.

*Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. May 9, 2007) (per curiam) (unpublished).

The Plaintiff requests an award of fees based upon an hourly rate of "$191.79 per hour for 9.15 hours of work on this case in federal court." (Doc. 20 at 1; Doc. 20-2[2]). The Court finds the number of billed hours (9.15) to be reasonable and finds the requested rate to be an appropriate market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[3] Moreover, the upward adjustment is justified under the formula from this Court's decision in *Lucy v. Astrue*, which is often used to determine prevailing market rates for EAJA applications.

---

[2] Plaintiff's counsel has included what he styles an "affidavit of counsel" (Doc. 20-1) verifying that the timesheet (Doc. 20-2) he has submitted is a "true accounting." As it is not been notarized, the document is not an affidavit, nor is it in substantial compliance with 28 U.S.C. § 1746 so that it may be considered an unsworn declaration. However, given that (1) Plaintiff's counsel has represented under Federal Rule of Civil Procedure 11 that the timesheet is accurate and (2) the Commissioner does not dispute the hours or amount counsel claims, the Court will accept that document as accurate.

[3] "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomer*y, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

> The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. *Lucy v. Astrue,* CV 06–147–C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In *Lucy,* the following formula, based on the CPI, was utilized:
>
> > ($125/hour) x (CPI–U[4] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> *Id.* at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The Complaint in this action was filed on March 14, 2016, and the Court's Remand Order and Judgment were entered on September 29, 2016. The number of days between those two dates is 277; thus the "temporal midpoint" between those two dates falls in June 2016. The relevant CPI–U for July 2015 was 233.838. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 233.838 / 152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $191.79, which the Court finds to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

Thus, the Court will award attorney's fees under EAJA in the amount of $1,754.88 (i.e. $191.79 x 9.15).

## II.   Conclusion

---

[4] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (http://www.bls.gov/cpi/tables.htm).

In accordance with the foregoing analysis, it is **ORDERED** and **ADJUDGED** that the Plaintiff's Application for Attorney Fees under EAJA (Doc. 20) is **GRANTED** **a**nd that the Plaintiff is awarded from the Defendant Commissioner **$1,754.88** in attorney's fees.[5]

**DONE** and **ORDERED** this the 15th day of November 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Unless a party requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).